735 P.2d 1141

**COMMUNICATIONS WORKERS OF AMERICA, LOCAL 8611, Plaintiff-Appellant and Cross-Appellee,**

**v.**

**Alvinita ARCHIBEQUE, et al., Defendants and Cross-Appellants,**

**and**

**Alice F. Hoppes, Defendant-Appellee.**

**Nos. 16030, 16031.**

Supreme Court of New Mexico.

April 17, 1987.

Rehearing Denied May 11, 1987.

Kool, Kool, Bloomfield & Hollis, Gerald R. Bloomfield, Tara Selver, Albuquerque, Adair, Scanlon & McHugh, Patricia M. Shea, Patrick M. Scanlon, Washington, D.C., for Communications Workers of America, Local 8611.

Alan F. Zvolanek, Albuquerque, for Archibeque, et al.

Hanna B. Best, Albuquerque, for Hoppes.

## OPINION

SCARBOROUGH, Chief Justice.

This action was commenced by Communications Workers of America, Local 8611 (appellant/cross-appellee) to collect fines imposed against union members for strike-breaking activity. Defendant Hoppes (appellee) counterclaimed for defamation and invasion of privacy. The jury returned a verdict for Hoppes in the amount of $15,000 actual damages and $50,000 punitive damages.[1] Local 8611 appealed that part of the judgment which awarded Hoppes affirmative relief. The jury returned verdicts in favor of Local 8611 on the local's claims against various of Hoppes' codefendants. Some of them appealed (cross-appellants). The appeals were consolidated. We affirm in part and reverse in part.

On August 6, 1983, Local 8611 (union) went on strike. Hoppes resigned from the union on August 12, 1983. On August 15, 1983, Hoppes crossed the union's picket line and returned to work. On August 24, 1983, James Tricoli, New Mexico Director of the international union with which Local 8611 is affiliated, wrote Alfred Rucks, New Mexico President of the National Association for the Advancement of Colored People (NAACP). Hoppes was an officer of the New Mexico NAACP. Tricoli's letter stated that Hoppes, "who concurrently is a member of Local 8611 * * * has and continues to cross authorized picket lines in connection with a membership-approved strike." The letter described Hoppes as "amoral," as "totally void of character," as "an embarrassment" to the NAACP, and likened her to Judas Iscariot. The letter concluded by urging Rucks to take action to remove Hoppes from her NAACP office. Later, Rucks received a telephone call from someone identifying himself as the president of Local 8611, who urged Rucks to take the action requested in the letter.

Hoppes' defamation counterclaim was based upon Tricoli's letter. Local 8611 contends that the jury was improperly instructed inasmuch as it was allowed to find the union liable to Hoppes for defamation upon proof of negligence rather than upon proof of actual malice.

Cross-appellants were both suspended from membership in the union and fined as a result of their strikebreaking activity. Cross-appellants contend the union cannot both suspend from union membership and impose fines for the same infraction of union rules. Cross-appellants also contend the union breached its fiduciary duty to deal fairly with them by failing to provide them with copies of the union constitution and bylaws prior to imposing sanctions.

The case, as consolidated, presents three issues for decision:

(1) Did the trial court err in instructing the jury that Local 8611 would be liable to Hoppes for defamation upon proof of negligence?

(2) Was the language of Tricoli's letter actionable?

(3) Did the trial court err in refusing to dismiss Local 8611's complaint against cross-appellants?

**ISSUE (1):**

Local 8611 contends that under *National Association of Letter Carriers v. Austin,*

---

1. It is not clear from the verdict whether the jury based its award on the defamation claim or the invasion of privacy claim. Two other defendants, however, raised identical invasion of privacy claims and the jury did not return verdicts in their favor. We therefore conclude that the jury's verdict in favor of Hoppes was based on the defamation claim. We note that appellant and Hoppes have devoted their entire argument to the defamation claim.

418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974), and *Linn v. United Plant Guard Workers,* 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966), it could only be found liable to Hoppes upon clear and convincing proof of actual malice (knowledge of falsity or reckless disregard of the truth). *See New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). As already stated, the jury was instructed that it could find the union liable to Hoppes upon proof of negligence. We conclude that the jury was improperly instructed.

In *Linn,* defamatory statements about a company manager were published to union members and prospective union members during a union organizing campaign. The manager sued the union for defamation. The Supreme Court acknowledged the federal policy encouraging free debate on issues dividing labor and management and implied that this debate " 'should be uninhibited, robust, and wide-open, and ... may well include vehement, caustic, and sometimes unpleasantly sharp attacks.' " 383 U.S. at 62, 86 S.Ct. at 663 (quoting *New York Times Co. v. Sullivan,* 376 U.S. at 270, 84 S.Ct. at 721). The Court concluded that "the most repulsive speech [in the context of a labor dispute] enjoys immunity provided it falls short of a deliberate or reckless untruth." *Id.* 383 U.S. at 63, 86 S.Ct. at 663. Thus, the Court adopted *New York Times Co. v. Sullivan* 's actual malice standard to determine whether libels published in the context of a labor dispute were actionable.

In *Letter Carriers,* the union regularly published in its newsletter a "List of Scabs," i.e., nonunion postal workers. The nonunion workers sued the union for defamation. The Supreme Court reiterated *Linn* 's holding that state libel laws may be applied to penalize statements made in the course of labor disputes only if the statements were known to be false or were made with reckless disregard of whether they were false or not. Holding that the dispute between nonunion workers and the union was a labor dispute, the Court applied the actual malice standard.

We must determine whether *Linn* 's partial preemption of state libel remedies is applicable in this case. In *Letter Carriers,* the Court stated:

[W]hether *Linn* 's partial pre-emption of state libel remedies is applicable obviously cannot depend on some abstract notion of what constitutes a "labor dispute"; rather, application of *Linn* must turn on whether the defamatory publication is made in a context where the policies of the federal labor laws leading to protection for freedom of speech are significantly implicated.

418 U.S. at 279, 94 S.Ct. at 2778.

■ *Linn* 's partial preemption of state libel laws is applicable in this case since Tricoli's letter was published in a context where the policies of the federal labor laws leading to protection for freedom of speech were significantly implicated. Tricoli's letter was written in the course of a strike; the letter was an expression of union contempt for strikebreakers. Since Tricoli's letter was published in a context where the policies of the federal labor laws leading to protection for freedom of speech were significantly implicated (i.e., a strike), the jury should have been instructed that the union would be liable to Hoppes for defamation only upon clear and convincing proof of actual malice.

We note that *Letter Carriers* expanded the scope of *Linn* 's partial preemption. *See* Christie, *Injury to Reputation and the Constitution: Confusion Amid Conflicting Approaches,* 75 Mich.L.Rev. 43, 51 n. 55 (1976). In *Letter Carriers,* the dispute was one between nonunion workers and a union; whereas in *Linn,* the dispute was one between management and a union. The facts in *Linn* more clearly implicate the federal policy of encouraging free debate on issues dividing labor and management. By defining a dispute between a union and nonunion workers as a "labor dispute," *Letter Carriers* implied that we must liberally construe *Linn* 's partial preemption. *Accord Tosti v. Ayik,* 386 Mass. 721, 437 N.E.2d 1062 (1982) ("labor dispute" should be broadly construed).

Hoppes contends that even if the actual malice standard applies, the jury's verdict should stand because the jury was instructed that it could award punitive damages upon proof of actual malice and the jury awarded Hoppes punitive damages. The problem with Hoppes' theory is that the jury was instructed that actual malice could be proven "by the greater weight of the evidence" rather than by "clear and convincing proof." *See New York Times Co. v. Sullivan.*

In sum, the jury was improperly instructed and its verdict in Hoppes' favor cannot stand.

## ISSUE (2):

Our disposition of the first issue would warrant a new trial but for another problem with the counterclaim; the language used in Tricoli's letter is not actionable as a matter of law.

■■■ In *Letter Carriers,* the Court stated that "[t]he *sine qua non* of recovery for defamation in a labor dispute under *Linn* is the existence of falsehood." 418 U.S. at 283, 94 S.Ct. at 2781. Rhetorical hyperbole and lusty and imaginative expressions of contempt fail to satisfy the requirement of knowing or reckless falsehood. *See id.* at 282–87, 94 S.Ct. at 2780–82. Characterizations such as "amoral," "totally void of character," and "an embarrassment" are rhetorical hyperbole and will not support recovery for defamation in the context of a labor dispute.

Hoppes makes much of the misrepresentation contained in the letter that she, at the time the letter was written, was a union member. Hoppes' counterclaim, however, did not allege that she was damaged by this misrepresentation; rather, the counterclaim alleged damage by use of the characterization "amoral.' Furthermore, the misrepresentation is not defamatory, either on its face or in the context of the letter, and its presence does not convert rhetorical hyperbole contained in the letter into misstatements of fact.

Since the jury was improperly instructed and since the language of Tricoli's letter was not actionable, we reverse the jury verdict in favor of Hoppes. Our disposition of this issue renders moot appellant's claims that there was insufficient evidence to establish that Tricoli was Local 8611's agent and that the trial court erred in admitting Tricoli's letter into evidence.

## ISSUE (3):

■■■ Cross-appellants moved to dismiss prior to trial on the ground that Local 8611 did not have authority to both suspend and fine its members for the same infraction of union rules and therefore failed to state a claim upon which relief could be granted. *See* SCRA 1986, 1–012(B)(6). The union constitution provides that "[m]embers may be fined, suspended or expelled by locals in the manner provided in the Constitution." The union bylaws similarly provide that "[m]embers of this Local may be fined, suspended or expelled in the manner provided in these Bylaws." Cross-appellants contend that these clauses can only be read to provide mutually exclusive remedies and that since cross-appellants were suspended from membership in the union they could not be fined for the same infraction. The constitution and bylaws, however, can be read to permit suspension, fines, *and* expulsion. The trial court, therefore, did not err in denying the initial motion to dismiss.

Nor did the trial court err in denying cross-appellants' motion to dismiss at trial which was based upon Local 8611's failure to provide cross-appellants with copies of the union constitution and bylaws prior to imposing sanctions. Cross-appellants have cited no authority for the proposition that Local 8611 was obligated to provide cross-appellants with copies of the union constitution and bylaws prior to imposing sanctions and we do not believe that such a requirement is called for by the circumstances of this case.

Finally, cross-appellants contend that the trial court erred in refusing to submit particular tendered instructions to the jury. In view of our disposition of the prior points raised by cross-appellants, this point is meritless.

The judgment of the trial court is affirmed in part and reversed in part; we

remand for entry of judgment in favor of Local 8611 on Hoppes' counterclaim.

IT IS SO ORDERED.

SOSA, Senior Justice, and RANSOM, J., concur.